IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE R. EVANGELISTA,

                Plaintiff,

v.                                            OPINION and ORDER

SARAH GODLEWSKI and                          23-cv-203-wmc[1]
JESSA LANE,

                Defendants.

---

      Pro se plaintiff Wayne R. Evangelista contends that an office administrator at the Office of the Wisconsin Secretary of State refused to authenticate his notarized document in violation of his civil rights. Because Evangelista proceeds in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss this lawsuit.

ALLEGATIONS OF FACT

      On March 27, 2023, a notary public took Evangelista's notarized document from the U.S. Department of State to the Office of the Wisconsin Secretary of State to be authenticated on Evangelista's behalf. Evangelista is disabled and is it difficult for him to make the trip

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

himself. The Secretary of State's website explains that the office will issue authentication certificates or apostilles for documents from Wisconsin that have been signed by a notary public, among other types of documents.[2] But the Secretary's office will not issue authentications for federally issued documents even if those documents are notarized by a Wisconsin notary public because the U.S. Department of State must authenticate such documents.[3]

Evangelista says that defendant Jessa Lane refused to authenticate his notarized document and was unprofessional, in contrast to past staff that have honored his authentication requests. Lane "yelled" at Evangelista's representative and cited 22 C.F.R. § 131.2 for the proposition that the office would not authenticate the document because there was good reason to believe that the certification was requested for an unlawful or improper purpose. Dkt. 1 at 4. Evangelista disputes Lane's reasoning because he wants to use his document for a legitimate purpose listed on the document. He contends that "other legal procedures" are delayed because Lane would not authenticate it. *Id.*

## ANALYSIS

Evangelista contends that Lane's conduct violated his civil rights. He sues Lane and Secretary of State Sarah Godlewski and seeks monetary and injunctive relief in the form of an order requiring the Secretary of State "to honor an original wet copy U.S. Department of State form." *Id.* at 5.

---

[2] *See* Authentications and Apostilles, https://sos.wi.gov/apostilles.htm.

[3] *See* Federally Issues Documents, https://sos.wi.gov/FederalDocs.htm.

Evangelista has not stated a constitutional claim against defendant Godlewski, and he cannot proceed against her. Although Evangelista would hold Godlewski liable for her supervisory role over Lane, there is no strict supervisory liability under 42 U.S.C. § 1983. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) ("Section 1983 does not authorize 'supervisory liability.'").

Evangelista has not stated a federal claim against Lane either. He contends that Lane improperly refused to authenticate his document and asks the court to order her to authenticate it. As a general matter, the court cannot compel action by state officials. *See, e.g., Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials" (collecting cases).). And although Evangelista refers to the Fourth Amendment, the right to be free from unreasonable searches and seizures is not implicated here. If Evangelista meant to invoke his procedural due process rights under the Fourteenth Amendment, Lane cannot be liable for declining to authenticate federally issued documents that the Wisconsin Secretary of State is not authorized to authenticate.[4] Whether past office staff did so is not relevant to what the office legally can do.

The allegations do not state any other federal claim. Evangelista contends that unspecified legal procedures have been delayed, and that Lane authenticates documents for the non-disabled public. The federal constitution guarantees individuals access to the courts "without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). And federal law prohibits discrimination against individuals "by reason of" a disability. 42 U.S.C. § 12132

---

[4] *See* Hague Conference on Private International Law, United States of America – Competent Authority (Art. 6), https://www.hcch.net/en/states/authorities/details3/?aid=353 ("The US Department of State Authentication Office affixes apostles to documents issued by Federal agencies of the United States.").

(Americans with Disabilities Act). But Lane denied Evangelista a service the Wisconsin Secretary of State is not authorized to provide to anyone, and Evangelista can seek authentication from the proper authority to avoid any further court delays.

Evangelista's complaint fails to state a claim. Although the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to submit an amended complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), I can conceive of no set of facts that could support a claim arising from Lane's refusal to authenticate federally issued documents. So, I will dismiss this lawsuit.

## ORDER

IT IS ORDERED that:

1. This lawsuit is DISMISSED for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to enter judgment accordingly and to close this case.

Entered April 25, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge